**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

May 5, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT POOLE,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0554**  (BOR Appeal No. 2050988)
(Claim No. 2015006141)

**MOUNTAIN STATE CARBON,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Robert Poole, by Christopher J. Wallace, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Mountain State Carbon, by Aimee M. Stern, its attorney, filed a timely response.

The issue on appeal is whether Mr. Poole is entitled to have his medial meniscus tear added as a compensable component of the claim. On July 30, 2015, the claims administrator denied a request to add the medial meniscus tear as a compensable component of the claim. The Office of Judges affirmed the decision in its December 10, 2015, Order. The Order was affirmed by the Board of Review on May 20, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Poole, a millwright, was stepping down from a scissor lift on August 26, 2014, when he twisted his left knee and fell to the ground. He also completed a first report of injury and was treated in the on-site dispensary on August 26, 2014. On the first report of injury, Mr. Poole stated that he was coming down the scissor lift and his left leg buckled when his foot hit the ground. He had pain in the back of his knee, and down to his left ankle and toe. When treated in the dispensary, Mr. Poole provided the same description of the injury. The records show his left knee was already swollen, he had tenderness in the medial and lateral aspects of his knee, and he was unable to walk. A left knee x-ray showed degenerative changes with no dislocation or

1

fracture. Mr. Poole was diagnosed with a left knee sprain. The claim was held compensable for a left knee sprain on August 29, 2014.

On September 2, 2014, an MRI of the left knee revealed a radial tear of the posterior root of the medial meniscus and a partial rupture of a Baker's cyst. There was no significant joint effusion. Mr. Poole was treated by Komar Amin, M.D., on September 8, 2014. The history Mr. Poole provided that day was that he was stepping down off of a scissor lift, the steps were uneven, and his left knee twisted. Dr. Amin noted the examination was limited by pain and guarding of the left knee. Mr. Poole exhibited medial and lateral joint line tenderness, as well as a slightly antalgic gait. Dr. Amin recommended a left knee arthroscopy.

The claims administrator denied authorization for the left knee arthroscopy on September 16, 2014.[1] On September 17, 2014, Dr. Amin performed a left knee arthroscopy with partial medial meniscectomy and chondroplasty of the patellofemoral and medial compartments. The postoperative diagnoses were left knee medial meniscus tear and aggravation of osteoarthritis. Dr. Amin noted there was more osteoarthritis than suggested by the imaging.

Mr. Poole was seen post-operatively by Dr. Amin on September 26, 2014. Mr. Poole had full range of motion of the left knee. Dr. Amin advised him that he had more osteoarthritis than originally thought and that this could be a concern for continued pain in the future.

David Louis, M.D., performed a medical records review on December 15, 2014. Dr. Louis stated in his report that he was not able to conclude within a reasonable degree of medical certainty that a medial meniscal tear injury occurred from stepping down from the scissor lift. He stated that Mr. Poole had degenerative findings including loose and unstable flaps of articular cartilage on the lateral facet of the patella and chondromalacia. In Dr. Louis's opinion, given Mr. Poole's pre-existing degenerative findings, including osteoarthritis, the medial meniscus tear was likely a degenerative condition. In his opinion, the left knee surgery performed by Dr. Amin was for treatment of chronic, degenerative, non-work related conditions, not the work injury.

Dr. Louis testified by deposition on March 10, 2015. During cross-examination, he acknowledged that a person with degenerative changes in the knee could still experience a traumatic tear to the medial meniscus. He also acknowledged that a twisting type injury could cause a meniscus tear. However, a radial tear of the meniscus is more typically a degenerative arthritic tear rather than a concentric tear which runs along the same pattern as the curved rim of the meniscus itself. In Dr. Louis's opinion, Mr. Poole suffered from pre-existing left knee degenerative arthrosis.

On March 17, 2015, Dr. Amin completed a diagnosis update. It lists the primary diagnosis as a medial meniscus tear. Dr. Amin stated Mr. Poole was re-injured in December of 2014 when a locker fell on his knee. Dr. Amin did not recommend surgery at that time. Mr. Poole was working full duty.

---

[1] The decision was protested and affirmed by the Office of Judges. It is not at issue in the instant appeal.

The claims administrator denied the request to include the medial meniscus tear as a compensable component of the claim on July 30, 2015. The claims administrator's decision was due to the fact that no medical documentation that substantiated a re-injury or testing that revealed an additional tear had been received.

In its December 10, 2015, Order, the Office of Judges determined that the question of whether Mr. Poole's torn meniscus was pre-existing or attributable to the August 26, 2014, injury became a question of the credibility of Drs. Amin and Louis. It noted that Dr. Amin was the treating physician, while Dr. Louis only performed a medical records review. However, Dr. Louis's qualifications and report had been placed in the record, and he also testified under oath, by deposition, wherein he was subject to cross-examination. The qualifications of Dr. Amin had not been placed in the record, his medical records were not as comprehensive as Dr. Louis's report, and his medical records did not address the etiology of Mr. Poole's condition. Therefore, the Office of Judges found that a preponderance of the credible medical evidence did not demonstrate that Mr. Poole's left knee medial meniscus tear was attributable to the compensable injury and affirmed the claims administrator's decision.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision on May 20, 2016. After review, we agree with the Board of Review. Mr. Poole initially reported that he was stepping down from a scissor lift and his left leg buckled when his foot hit the ground. There was no mention of a twisting injury until Mr. Poole was evaluated by Dr. Amin on September 8, 2014. Mr. Poole's initial report was completed within minutes of the injury, and is therefore more reliable. Dr. Louis attributed the meniscal tear to the pre-existing arthritis, whereas Dr. Amin did not address the cause of the meniscal tear. The fact that Mr. Poole's leg buckled when he was merely stepping from a scissor lift does not make the pre-existing osteoarthritis or the meniscal tear compensable.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 5, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Elizabeth D. Walker

**DISSENTING**:

Justice Margaret L. Workman
Justice Menis E. Ketchum